IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLY LEE McGINNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-202-JPG |
| | ) |
| OFFICERS OF THE STATE OF | ) |
| ILLINOIS, *et al.*, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE AMENDED COMPLAINT[1]

Plaintiff purports to bring the instant § 1983 action oh behalf of himself, "All Non-Lawyer, Non-State Officer Persons of Illinois," Katelin Grace McGinnis (Plaintiff's daughter), and Phillip Lee McGinnis (Plaintiff's son). He brings this action against "Officers of the State of Illinois," Bond County officials involved in case number 95D9 (Plaintiff's divorce case), Fayette County Officials involved in case number 97CF12 (Plaintiff's criminal case), and Larry Lefevre (the attorney who represented Plaintiff's ex-wife in the divorce proceeding).

Briefly, the complaint alleges a broad swath of "crooked conduct" by the above-named Defendants in the conduct of Plaintiff's state court divorce proceeding and one of his state court

---

[1] Plaintiff filed his amended complaint as a matter of course pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure on April 12, 2010. The amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

criminal cases. Plaintiff alleges that the allegedly "crooked conduct" caused him "loss of custody, loss of parental supervision . . . loss of significant moneys and properties . . . and prison time."

### DISCUSSION

Plaintiff's complaint is patently frivolous. First, Plaintiff 's claim for damages based on his allegedly illegal imprisonment is not cognizable under 42 U.S.C. § 1983 unless and until his conviction has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).

Second, whatever claims are not barred under *Heck* are barred by the statute of limitations applicable to § 1983 actions. "Section 1983 'is not itself a source of substantive rights' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In a § 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, § 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims. *Kelly*, 4 F.3d at 511.

A § 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. The Seventh Circuit has held that an action under § 1983 based on the Fourth Amendment accrues at the time of the arrest and

search.  *Giesen*, 956 F.2d at 740 (*citing Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971); *Parks v. Maule*, No. 93 C 6258, 1994 WL 275015, at *3 (N.D.Ill. June 20, 1994).

In this case, the incidents in question allegedly happened during the time period 1995 to 1997.  The instant § 1983 action was not filed until April 12, 2010, more than a decade *after* the events complained about in the complaint occurred.  Accordingly, Plaintiff's claims do not survive review under 28 U.S.C. § 1915A because they are time-barred.

Third, to be held individually liable under § 1983, "a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  As noted above, Plaintiff names as Defendants "all current and living former Officers of the State of Illinois . . . [who have] taken the Illinois Constitutional Oath of Office."  There is, however, no fact allegation suggesting that *every* state officer "both current and living former" were directly and personally involved with either Plaintiff's divorce case or his criminal case.  Accordingly, Plaintiff's complaint should be dismissed as frivolous under § 1915A.

But more than being just frivolous, the instant action is also malicious under § 1915A.  This court does not readily classify a civil action as malicious.  However, the circumstances of this case indicate that this action is being undertaken for the sole purpose of harassing litigants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

A court may determine that an action or allegation is malicious by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged.   A complaint may

be dismissed as malicious where it "was not to rectify any cognizable harm, but only to harass and disparage" the defendant. Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir.1999) (dismissing complaint against judges and federal prosecutor who obtained conviction against the plaintiff as frivolous and malicious).

     This is the case here.   The history surrounding this complaint - as confirmed by Plaintiff's allegations - is that Plaintiff's ex-wife filed for divorce from Plaintiff in 1995. Plaintiff contested the divorce, but despite Plaintiff's efforts to prevent the dissolution of his marriage, the divorce was granted.  Displeased with the result in his divorce proceedings - and believing that the Illinois legal system was biased against him (in particular) and men (in general) - Plaintiff took matters into his own hands.  First, he shot and killed his ex-wife's divorce lawyer.   He then lead "police on a national manhunt for 86 days . . . **riveting the public with letters [published in the St. Louis Post-Dispatch] accusing the courts of corruption**." Marianna Riley and Charles Bosworth Jr., *McGinnis Pleads Guilty of Murdering Lawyer*,  St. Louis Post-Dispatch, November 22, 1996, A1, available at 1996 WLNR 770184 (emphasis added).  Plaintiff was finally "captured . . . after he went to his former lawyer's office [Defendant Lefevre] . . . and fired three shots into . . . desks while the lawyer was gone." *Id*.  Plaintiff subsequently pleaded guilty to murder for which he was sentenced to a 60 year term of imprisonment.  Plaintiff is also serving a 10 year sentence for armed violence.

     The instant complaint mirrors the substance and tone of the "allegations" of judicial bias and corruption  contained in the letters Plaintiff wrote while he was eluding the police.  About only difference between the allegations in these prior letters and the allegations in the instant complaint  is that Plaintiff now adds  charges of bias and misconduct in connection with his

5

criminal cases.  Moreover, given this history, it is clear that Plaintiff harbors a great amount of personal animosity towards Defendant Lefevre as evidence by the fact that Plaintiff attempted to instill fear in Lefevre by shooting up Lefevre's. It appears that the instant action is being used only as a means to further harass and intimidate Defendant Lefevre.  Accordingly, the Court finds that the instant complaint should be dismissed pursuant to § 1915A on the additional ground that it is malicious.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: October 6, 2010.**

                                                 s/ J. Phil Gilbert
                                                 **U. S. District Judge**