IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELLY LEE McGINNIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-202-JPG |
| | ) |
| **OFFICERS OF THE STATE OF** | ) |
| **ILLINOIS,** *et al.*, | ) |
| | ) |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's motion to reconsider (Doc. 26). Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. After conducting a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, this Court dismissed the complaint because it asserted claims lacking legal merit and because this Court found that the complaint was malicious. The Court also denied all of Plaintiff's then pending motions. In the instant motion (Doc. 26), Plaintiff challenges the dismissal of this complaint and the denial of his motions.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the

motion falls under Rule 60(b).'" *Id.* (citations omitted).   As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order.  As Plaintiff's motion was filed within 28 days of the entry of the orders being challenged and as Plaintiff asserts that the Court erred in applying the law, the Court will construe the instant motion as arising under Rule 59(e).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing the complaint pursuant to 28 U.S.C. § 1915A is correct.  Therefore, the instant motion (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: October 21, 2010.**

　　　　　　　　　　　　　　　　　　　　　　 **s/ J. Phil Gilbert**
　　　　　　　　　　　　　　　　　　　　　　 **U. S. District Judge**